IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN M. HERNANDEZ, #63060054 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-17-1256 |
| TIMOTHY STEWART, Warden | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Juan M. Hernandez is an inmate incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). In this pro se petition for a writ of habeas filed pursuant to 28 U.S.C. § 2241, Hernandez challenges the Federal Bureau of Prison's ("BOP") determination that he is ineligible for early release under 18 U.S.C. § 3621(e) despite his successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). ECF No. 1.[1] As relief, Hernandez asks to be given credit toward early release and to be placed in a Residential Reentry Center (RRC) under the Second Chance Act, 18 U.S.C. § 3624(c) for one year. *Id*. at 7, 8. Respondent, Warden Timothy Stewart ("Stewart") moved to dismiss the complaint or alternatively for summary judgment. Hernandez has failed to respond, despite ample opportunity to do so.[2] ECF No. 3. The case is ready for disposition and the Court now rules pursuant to Local Rule 105.6 because a hearing is unnecessary. For reasons stated below, Respondent's Motion for Summary Judgment IS GRANTED.

---

[1] Citations are to the electronic record.

[2] The Clerk sent notice to Hernandez informing him that he may respond to the motion and submit affidavits and exhibits in support of his Complaint. ECF No. 4. Hernandez has not filed an opposition and the filing deadline has long passed.

**BACKGROUND**

Hernandez is serving a 135-month sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. *United States v. Hernandez*, Criminal Case No. 1:10:CR00149-01 (PAC) (S.D.N.Y. 2011), PACER Docket No. 30 (reducing Hernandez's sentence from the originally imposed term of 156 months' imprisonment to 130 months pursuant to 18 U.S.C. § 3582(c)). The sentencing court found that because Hernandez possessed at least two firearms in connection with his drug offense, a two-level upward adjustment was warranted under the United States Sentencing Guidelines. Declaration of Wesley Zurevoc, paralegal, Department of Justice, Designation and Computation Center ("DSCC"), ECF No. 3-2 at ¶17. Hernandez's projected release date is November 2, 2019. *Id*. at ¶2.

In August of 2016, DSCC legal staff determined that Hernandez was ineligible for RDAP early release because he had received the two-level adjustment for possessing a firearm in connection with his underlying drug offense. *Id.* ¶¶ 15, 17, 18; *see also* Offense Review, ECF No. 3-2 at 48-49 (indicating the offense involved "carrying, possession, or use of a firearm or other dangerous weapon" and "by its nature or conduct presents a serious potential risk of physical force against the person or property of another"). Hernandez disputes the DSCC decision.

More particularly, Hernandez claims that because his offense is "non-violent," and the specific guideline adjustment is triggered by "inherently non-violent" possession, he was entitled to a sentence reduction. Petition, ECF No. 1 at 4. Further, he avers the early release policy is applied disparately by the "district and teams who prepare early release eligibility paperwork for Grand Prarie [sic] (DSCC). For example, the sentence computation team in 'Alpha team'[sic] may apply policy different [sic] than Bravo Team, etc. " ECF No. 1, at 8. Notably, Hernandez does not identify any specific incidents to support this claim.

## STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, that "no genuine dispute as to any material fact" exists when construing all facts and all justifiable inferences in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(a), (c)(1)(A); *see also Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009); *Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). A mere "scintilla of evidence" suggesting a material dispute is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). Rather, the record evidence must demonstrate that a reasonable trier of fact could find in favor of the nonmoving party. *Matsushita Elec Indus Co v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241, the federal habeas statute which allows a prisoner to file suit against the BOP for "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The pertinent federal statute in Hernandez' case, 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs such as RDAP and permits possible early release upon successful RDAP completion. 18 U.S.C. § 3621(e)(2)(B) (participant's prison term "***may*** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") (emphasis added).

Importantly, the statute does not guarantee eligible inmates early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (BOP has "the authority but not the duty ... to reduce [a prisoner's] term of imprisonment"); *Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000). However, the BOP has promulgated

criteria for determining early release eligibility, *see* 28 C.F.R. §550.55, *et seq*. (2008), and issued Program Statement 5162.05(Categorization of Offenses) to implement the statute. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez*, 531 U.S. at 40 (recognizing the BOP may delineate an inmate whose current offense is a felony involving a firearm ineligible for early release); *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2011); *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D. Md. 2008).

The BOP regulations preclude early release for inmates convicted of a felony offense that: (i) has as an element, the actual, attempted, or threatened use of physical force against the person or property of another; (ii) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), (iii) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or (iv) by its nature or conduct involves sexual abuse offenses committed upon minors. 28 C.F.R. §550.55(b)(5). BOP Program Statement 5162.05 identifies specific offenses which render an inmate ineligible for early release, including those drug offenses that include two-level upward adjustment under the sentencing guidelines for possession of a dangerous weapon during the offense. *See* BOP Program Statement 5162.05(4)(b).

In *Pelissero*, the United States Court of Appeals for the Fourth Circuit held that the BOP could deny early release to a successful RDAP participant because sentencing for his underlying drug offense (conspiracy to distribute and possess with intent to distribute cocaine) included a two-level enhancement for firearm possession. 170 F.3d at 446. The Fourth Circuit reasoned that this two-level adjustment disqualifies Defendant as "non-violent" which is a necessary precondition for early release. This is so because "possessing a firearm adds an aspect of violence to otherwise nonviolent conduct by posing a risk of danger to others." *Id*. at 447.

Accordingly, the Fourth Circuit affirmed the BOP's denial of early release. *See also Penalosa v Warden*, *FCI Cumberland*, 2017 WL 79941 at 2 (D. Md. Jan. 6, 2017) (§ 3621 "vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced."). Hernandez's claim is nearly identical to *Pellisero* in all material respects. Thus, summary judgment in Stewart's favor is warranted.

Further, Hernandez's conclusory allegations of disparate treatment do not change the analysis. The Equal Protection Clause of the United States Constitution, at base, protects citizens from intentional unequal treatment by state actors. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To sustain an equal protection challenge, the Petitioner must demonstrate that "he has been treated differently from others with whom he is similarly situated." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239–42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Petitioner's has not made this showing. For example, Hernandez has not identified any inmates who have sustained similar convictions and weapons enhancements but were nonetheless deemed eligible for early release. Hernandez's bare allegations of disparate treatment, therefore, are insufficient to survive summary judgment.

Regarding Hernandez's request to be placed in an RRC for one year, the Second Chance Act[3] directs the BOP to consider one-year placement in a RRC for the final twelve months of an

---

[3] The Act, which is codified at 18 U.S.C. § 3624(c) states in relevant part:

(1) The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

inmate's sentence, but is by no means a guaranteed placement. *Stanley v. Whitehead*, 2010 WL 2011553 at *1 (D. Md. May 19, 2010) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2000)). Moreover, BOP's denial of such placement cannot be considered a deprivation of constitutional dimension. *Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, when construing the evidence most favorably to Hernandez, he has failed to demonstrate that the BOP committed any constitutional or statutory violation. 28 U.S.C. § 2241(c)(3).

## CONCLUSION

For the foregoing reasons, the Respondent's Motion for Summary Judgment IS GRANTED and the Petition IS DENIED. A Certificate of Appealability SHALL NOT issue because there has been "no substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate Order follows this Memorandum Opinion.

| | |
|---|---|
|   1/19/18 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

(3) The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.

(4) Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.