# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JUAN M. HERNANDEZ, #63060054     *

Petitioner                       *

v                                *     Civil Action No. PX-17-1256

TIMOTHY STEWART, Warden          *

Respondent                       *
                                ***

# MEMORANDUM OPINION
# AND ORDER

On May 31, 2018, Juan M. Hernandez filed this Motion for Reconsideration of the Court's January 19, 2018 Order, which denied his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. In the Petition, Hernandez challenged a Federal Bureau of Prison's determination that he is ineligible for early release under 18 U.S.C. § 3621(e) despite his successful completion of the Residential Drug Abuse Treatment Program ("RDAP").

A party may move for a new trial or to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure, or for relief from a final judgment under Rule 60. *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). A Motion to Alter or Amend filed within 28 days of judgment is analyzed under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (amended December 1, 2009). Because Hernandez filed this motion more than twenty-eight days after entry of judgment, Rule 60 applies. Rule 60(b) provides that reconsideration may be granted only under "exceptional circumstances," *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1982). Under Rule 60(b), the party seeking relief must demonstrate filing the motion in a timely manner, the

existence of a meritorious defense, lack of unfair prejudice as to the non-moving party, and exceptional circumstances. *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). If these threshold requirements are met, the moving party then must demonstrate that relief from judgment is appropriate for any one of the grounds enumerated in Rule 60. Such grounds "must be clearly substantiated by adequate proof." *Burnley*, 988 F.2d at 3 (citations omitted).

Hernandez argues reconsideration is warranted based on recent Supreme Court opinions in *Nelson v. Colorado* 137 S. Ct. 1247 (2017) and *Sessions v Dimaya,* 138 S.Ct 1204 (2018). In *Nelson*, the Supreme Court held that state statutes violated due process by requiring defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence to obtain the refund of costs, fees, and restitution paid pursuant to the invalid conviction. 137 S. Ct. at 1257-58. In *Dimaya,* the Court held the residual clause of the federal criminal code's definition of a "crime of violence," as it is incorporated in the Immigration and Nationality Act's definition of an aggregated felony violated due process because it was impermissibly vague. 138 S. Ct. at 1216.

Fatal to Hernandez' motion, however, is his failure to demonstrate how either case supports reconsideration here. Notably, neither *Nelson* nor *Dimaya* involved 18 U.S.C. § 3621(b), the pertinent federal statute in RDAP cases. Nor did either case address the grounds for challenging denial of early release after conviction, the subject of Hernandez' initial challenge. Hernandez, therefore, has failed to demonstrate the existence of meritorious claims not previously considered due to exceptional circumstances.

Accordingly, it is this 6th day of June 2018, by the United States District Court for the District of Maryland Ordered that:

1. The Motion for Reconsideration (ECF No. 7) IS DENIED; and

2. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to the parties.

/S/
Paula Xinis
United States District Judge